**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **DAINIUS BARYSAS,** § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| **UBER TECHNOLOGIES, INC.** § | |
| Defendant. § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1332, Defendant Uber Technologies, Inc. ("Defendant" or" Uber") files this Notice of Removal, giving notice that it is removing this civil action to the United States District Court for the Southern District of Texas, Houston Division, based on diversity jurisdiction. In accordance with Local Rule 81, an index of matters being filed herewith is attached as Exhibit A. In support of this Notice of Removal, Uber shows as follows:

### I.   BACKGROUND

On October 14, 2022, Plaintiff Dainius Barysas ("Plaintiff" or "Barysas") filed this civil action in the 133rd District Court of the State of Texas, Harris County, styled *Dainius Barysas vs. Uber Technologies, Inc.*, Cause No. 2022-67757. A copy of the Docket Sheet, the Citation, the Petition and Motion to Vacate Arbitration Award ("Petition"), and the Return of Service, constituting all process, pleadings, and orders served in this action, are attached as Exhibit A-1, Exhibit A-2, Exhibit A-3, and Exhibit A-4. A list of all counsel of record, including addresses, telephone numbers, and parties represented is attached as Exhibit A-5.

In his Petition, Barysas requests the Court vacate the Final Award issued by Arbitrator, and former Texas District Judge, Susan S. Soussan on July 19, 2022, in connection with the arbitration, styled *Dainius Barysas vs. Uber Technologies, Inc.*, wherein Barysas asserted claims against Uber

1

for misclassification and violations of the Fair Labor Standards Act. *See generally* Exhibit A-3, Petition. In the Final Award, Judge Soussan analyzed Barysas' claims under the Fifth Circuit's economic realities test and ultimately found that "Claimant [Barysas] was an independent contractor in business for himself. He was not Uber's employee."

## II. DIVERSITY JURISDICTION

Diversity jurisdiction exists in a civil matter when (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the dispute is between citizens of different states. Both requirements are met in this case. *See* 28 U.S.C. § 1332.

**A.    The Amount in Controversy Exceeds $75,000**

When determining the amount in controversy relating to a motion to compel arbitration or petition to vacate or confirm an arbitration award, the Fifth Circuit takes the "demand approach." *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 183 (5th Cir. 2016). Under the demand approach, "the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded." *Id.* at 182 (internal citations omitted). Furthermore, "in the Fifth Circuit, if a statute provides for the recovery of attorney's fees, then they are included in calculating the amount in controversy." *Albright v. IBM Lender Process Servs. Inc.*, No. CIV.A. H-11-1045, 2011 WL 5921379, at *3 (S.D. Tex. Nov. 28, 2011) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *see also Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (reviewing a jurisdictional statute analogous to 28 U.S.C. §§ 1331 and 1332 and holding that attorneys' fees authorized by the FLSA must be included for purposes of calculating the amount in controversy).

Here, the amount Barysas sought in the underlying arbitration exceeded $75,000. *See* Exhibit A-6, Claimant's Post-Hearing Brief, 25. Indeed, in Barysas' post-hearing brief, Barysas requested monetary relief in the amount of $92,353.32. *Id*. This amount included a request for $37,940.00 in attorneys' fees, which Barysas sought pursuant to 29 U.S.C. § 216(b). *See id.*; *see also* Exhibit A-7, Claimant's Pre-Hearing Brief, 16. As such, under the Fifth Circuit's demand approach, the amount in controversy in this matter exceeds the jurisdictional requirement of $75,000.

**B.     There is Complete Diversity of Citizenship Between the Parties**

According to his Petition, Plaintiff is domiciled in Montgomery County, Texas, and was domiciled there at the time the action was commenced. *See* Exhibit A-3, Petition, ¶ 10. As such, Plaintiff is now, and was at that time this action commenced, a citizen of the state of Texas. For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Uber is a corporation incorporated under the laws of the state of Delaware, having its principal place of business now, and at the time this action was commenced, in San Francisco, California. *See* Exhibit A-3, Petition, ¶ 11; *see also* Exhibit A-8, Declaration of Deborah Soh. As such, Uber is now, and at the time this action commenced, a citizen of the states of Delaware and California, but of no other state.

Because Plaintiff is a citizen of the state of Texas and Uber is a citizen of the states of Delaware and California, this civil action is a matter between citizens of different states, and the parties' citizenship is diverse within the meaning of 28 U.S.C. § 1332(a)(1).

### III.     PROCEDURAL ALLEGATIONS

**A.     Removal is Timely**

Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within 30 days after receipt of a copy of the complaint through service or otherwise. 28 U.S.C. § 1446(b). Barysas filed

this action in the 133rd District Court of the State of Texas, Harris County, on October 14, 2022, and served Uber with the Petition on October 18, 2022. *See* Exhibit A-3, Petition; *see also* Exhibit A-4, Return of Service. Therefore, the deadline for Uber to file a notice of removal is November 17, 2022. *See* 28 U.S.C. § 1446(b). Because this Notice of Removal is being filed prior to such deadline, it is timely.

**B.     This is the Proper Venue**

The Southern District of Texas, Houston Division, is the federal district and division that embraces the 133rd District Court of the State of Texas, Harris County. *See* 28 U.S.C. § 124(d)(3). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446.

**C.     All Other Procedural Requirements have been Met**

Finally, as required by 28 U.S.C. § 1446(d), Uber will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of it with the Clerk of the 133rd District Court of the State of Texas, Harris County.

### IV.     CONCLUSION

WHEREFORE, in conformance with the requirements set forth in 28 U.S.C. § 1446, Uber removes this action from the 133rd District Court of the State of Texas, Harris County, to the United States District Court for the Southern District of Texas, Houston Division, and respectfully seeks all such other and further relief to which it may be justly entitled.

Dated:  November 7, 2022                                    Respectfully submitted,

/s/ *Kimberly R. Miers*
Kimberly R. Miers
Texas State Bar No. 24041482
Nicole S. LeFave
Texas State Bar No. 24085432
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
100 Congress Avenue
Suite 1400
Austin, Texas 78701
512.982.7250 (Telephone)
512.982.7248 (Telecopier)
kmiers@littler.com
nlefave@littler.com

Of Counsel:

Allison Clara Williams
State Bar No. 24075108
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
acwilliams@littler.com

M. Collin Quigley
Texas State Bar No. 24100928
Abby Bochenek
Texas State Bar No. 24122709
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201-2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)
cquigley@littler.com
abochenek@littler.com

ATTORNEYS FOR DEFENDANT
UBER TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

On the 7th of November 2022, I electronically submitted the foregoing document with the Clerk of the Court using the Electronic Case Filing system of the Court. I hereby certify that I have served all parties, as follows:

*Via Electronic Case Filing:*

Bret Stanley
Eric Hawley
Ryan MacLeod
Steven J. Kherkher
Kherkher Garcia, LLP.
2925 Richmond Ave., Ste. 1560
Houston, TX 77098
Telephone: 713.333.0862
bstanley@kherkhergarcia.com
skherkher@kherkhergarcia.com
khiett@kherkhergarcia.com
khidalgo-monroy@kherkhergarcia.com
bstanley@kherkhergarcia.com
ehawley@kherkhergarcia.com
rmacleod@kherkhergarcia.com
skherkher@kherkhergarcia.com
Skherkher-Team@kherkhergarcia.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ M. Collin Quigley*
M. Collin Quigley

4876-8604-7546.2 / 073208-1763