United States District Court
Southern District of Texas
**ENTERED**
July 14, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAINIUS BARYSAS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-03876 |
| | § | |
| UBER TECHNOLOGIES INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter comes before me on a Motion to Vacate Arbitration Award (Dkt. 1-2) brought by Plaintiff Dainius Barysas ("Barysas"), and a Motion to Confirm Arbitration Award and for Final Judgment (Dkt. 8) brought by Defendant Uber Technologies, Inc. ("Uber"). After reviewing the briefing, the record, and the applicable law, I recommend that the Motion to Vacate Arbitration Award be **DENIED**, and the Motion to Confirm Arbitration Award and for Final Judgment be **GRANTED**. My reasoning follows.

## BACKGROUND

Barysas worked as an Uber driver from 2014 to 2019. During those five years, Barysas claims the company willfully failed to pay him minimum wages and overtime compensation as required by the Fair Labor Standards Act ("FLSA"). Barysas maintains that Uber misclassified him as an "independent contractor," rather than an "employee," to avoid paying him the amounts he was properly due. The FLSA's overtime and minimum wage protections extend only to "employees." *See* 29 U.S.C. §§ 206, 207.

To recover monies allegedly owed him, Barysas initiated an arbitration proceeding against Uber in March 2020. He proceeded in arbitration, rather than litigation, because he agreed when he became an Uber driver that he would arbitrate any disputes he had with the company. The parties subsequently agreed

to have former Texas State District Court Judge Susan Soussan ("Judge Soussan") preside over the arbitration.

After her appointment, Judge Soussan handled a number of pre-hearing matters. These included motions by both parties to compel production , a request by Uber to file a dispositive motion , a request by Uber to bifurcate the proceedings filed, and a motion by Uber for a protective order. Both parties submitted pre-hearing briefs.

The final arbitration hearing took place over the course of three days (March 29, 2022 and May 2–3, 2022). Three individuals testified live. Both parties proffered numerous exhibits that were admitted into evidence. After the hearing concluded, the parties each filed a post-hearing brief.

On July 19, 2022, Judge Soussan issued a 20-page Final Award, ruling in favor of Uber. In her Final Award, Judge Soussan noted that determining whether someone falls within the category of a covered "employee" or an exempted "independent contractor" requires a fact-finder to look to the "economic reality" of the relationship. Dkt. 8-1 at 13. She then addressed, one by one, the five non-exclusive factors the Fifth Circuit has identified to help determine whether a worker is an employee or independent contractor for FLSA purposes. Her ultimate conclusion: "[Barysas] was an independent contractor in business for himself. He was not Uber's employee." *Id.* at 20.

A few months after Judge Soussan issued her Final Award, Barysas filed this action in state court in Harris County, Texas, seeking to vacate the arbitration award. Uber then removed the matter to federal court on the basis of diversity jurisdiction. Once the case landed in federal court, Uber responded to Barysas's Motion to Vacate Arbitration Award and filed a separate Motion to Confirm Arbitration Award and for Final Judgment. The pending motions in this case have been referred to me for a report and recommendation.

## JUDICIAL REVIEW OF ARBITRATION AWARDS

Given the strong federal policy favoring arbitration, "[j]udicial review of an arbitration award is extraordinarily narrow." *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). Indeed, the Fifth Circuit has described it as "among the narrowest known to the law." *Del Casal v. E. Airlines, Inc.*, 634 F.2d 295, 298 (5th Cir. Unit B Jan. 1981). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993); *see also First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995) (an arbitrator's decision will be vacated "only in very unusual circumstances"). Accordingly, I must "defer to the arbitrator's decision when possible." *Antwine*, 899 F.2d at 413. This deference is "needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). I am not permitted to vacate an arbitrator's decision simply because I disagree with the result of the arbitration or because I believe that the arbitrator made a serious legal or factual error. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013).

The Federal Arbitration Act ("FAA") provides the exclusive grounds for vacating an arbitration award. Under § 10(a) of the FAA, an arbitration award may be vacated under the following limited circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The FAA provides that a party to an arbitration may apply to the court for an order confirming the arbitration award within one year after the award is issued, and the court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of" the FAA. *Id.* § 9.

## ANALYSIS

Barysas raises a number of arguments as to why he believes the arbitration award should be vacated. I address each of those reasons below.

### A. EXCEEDING THE ARBITRATOR'S POWERS

Barysas first argues that Judge Soussan exceeded her powers because she "haphazardly applied a novel legal theory combining the economic realities test with selective portions of a Department of Labor Guideline." Dkt. 1-2 at 8. This argument implicates § 10(a)(4), which provides for vacatur of an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

A party seeking to set aside an arbitral award under § 10(a)(4) "bears a heavy burden." *Oxford Health Plans*, 569 U.S. at 569; *see also Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802–03 (5th Cir. 2013) ("[T]he substantive question of whether an arbitrator has exceeded his arbitration powers [under § 10(a)(4)] is a function of our highly deferential standard of review in such cases: an arbitrator has not exceeded his powers unless he has utterly contorted . . . the 'essence' of the contract."). The United States Supreme Court put it best when it explained:

> It is not enough to show that the arbitrator committed an error—or even a serious error. Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's

4

> view of its (de)merits. Only if the arbitrator acts outside the scope of his contractually delegated authority—issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract—may a court overturn his determination. So the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.

*Oxford Health Plans*, 569 U.S. at 569 (cleaned up); *see also Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) ("It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error."). Similarly, the Fifth Circuit has repeatedly held that even grave errors of law or fact are not bases for vacatur under the FAA. *See Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir. 2004) ("[T]he failure of an arbitrator to correctly apply the law is not a basis for setting aside an arbitrator's award."); *Pfeifle v. Chemoil Corp.*, 73 F. App'x 720, 722 (5th Cir. 2003) ("[A]n arbitrator's erroneous interpretation of law or facts is not a basis for vacatur of an award."). In deciding whether the arbitrator exceeded her authority, I must "resolve any doubts in favor of arbitration." *Vantage Deepwater Co. v. Petrobras Am., Inc.*, 966 F.3d 361, 375 (5th Cir. 2020).

    The parties go to great lengths in their briefing to opine on whether Judge Soussan properly applied the law. Barysas argues that Judge Soussan abused her power "by applying the [Department of Labor] Guideline in direct contradiction of the Fifth Circuit's well-established interpretation of the FLSA." Dkt. 1-2 at 11. Unsurprisingly, Uber takes a much different tact, arguing that Judge Soussan properly applied the Fifth Circuit's economic realities factors, while also considering the Department of Labor Guideline, in reaching her decision.

    I need not wade into minutiae to determine whether I agree with Judge Soussan's ultimate conclusion that Barysas was an independent contractor. Given the controlling precedent discussed above, I am not permitted to re-examine the legal or factual underpinnings of the arbitration award issued by Judge Soussan. So long as Judge Soussan "even arguably constru[ed] or appl[ied] the contract,"

her Final Award must stand because the parties "bargained for [her] construction of their agreement." *Oxford*, 569 U.S. at 569 (quotation omitted). On this point, I am certain: because, Judge Soussan, at a bare minimum, arguably construed or applied the agreement between the parties, I cannot vacate the Final Award based on alleged errors of fact or law.

Barysas attempts to circumvent this stringent standard for vacatur by arguing that a provision in the arbitration agreement—which states that "[t]he Arbitrator shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error" (Dkt. 1-2 at 52)—provides the standard for determining whether Judge Soussan exceeded her powers as an arbitrator. Barysas is mistaken.

In *Hall Street Associates,* the Supreme Court held that the statutory grounds in § 10 of the FAA are the *exclusive* grounds to vacate an arbitration award. *See Hall St. Assocs.*, 552 U.S. at 584. Because the FAA provides the exclusive framework for determining when to vacate an arbitration award, the parties may not expand the grounds for vacating an arbitration award by agreement. *See id.* at 583 n.5 (The FAA limits parties' ability to "contract for expanded judicial review."). The parties' agreement in *Hall Street Associates* allowed the district court to vacate an arbitration award "where the arbitrator's findings of act are not supported by substantial evidence" or "where the arbitrator's conclusions of law are erroneous." *Id.* at 579. The Supreme Court held that this provision was not enforceable because if the parties are permitted to supplement the grounds for vacatur, it would "open[] the door to the full-bore legal and evidentiary appeals that can render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process." *Id.* at 588 (cleaned up). The same analysis applies to the present case. The FAA simply does not permit the parties to expand by agreement the scope of judicial review of an arbitration award. Section 10 "provide[s] the FAA's exclusive grounds for expedited vacatur." *Id.* at 584.

**B.     EVIDENT PARTIALITY**

Next, Barysas argues that the arbitration award should be vacated because "Uber's pre-hearing brief attached evidence that poisoned the well of impartiality." Dkt. 1-2 at 11. Barysas complains that Uber improperly biased Judge Soussan against him by "cit[ing] to—and attach[ing] as evidence—certain unrelated awards in arbitrations filed by *other claimants* against Uber for wage misclassification." *Id*. These "cherrypicked awards in [Uber's] favor," Barysas insists, "held zero precedential value and operated only to inject bias into the proceedings." *Id*. at 11–12.

Under the FAA, a district court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2). "Evident partiality is 'a stern standard.'" *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 545 (5th Cir. 2016) (quoting *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 281 (5th Cir. 2007)). "The statutory language . . . seems to require upholding arbitral awards unless bias was clearly evident in the decisionmakers." *Positive Software*, 476 F.3d at 281. "Thus, for the arbitration award to be vacated, [Barysas] 'must produce specific facts from which a reasonable person would have to conclude that the arbitrator was partial to'" Uber. *Cooper*, 832 F.3d at 545 (quoting *Householder Grp. v. Caughran*, 354 F. App'x 848, 852 (5th Cir. 2009)). This is an "onerous burden" because Barysas must demonstrate that the "alleged partiality [was] direct, definite, and capable of demonstration rather than remote, uncertain or speculative." *Householder Grp.*, 354 F. App'x at 852 (quotation omitted).

Barysas cannot establish evident partiality. There is a laundry list of reasons why. To start, although Barysas now complains that Uber submitted prior arbitration awards to Judge Soussan for her consideration, Barysas's counsel actually invited Judge Soussan to review those same arbitration awards. *See* Dkt. 1-2 at 1063 ("And a fun fact, Judge, is the last three arbitrators have ruled against us, and **we welcome you to read their opinions** and their--and how they

7

analyze this case. And, of course, we're critical of that analysis, and that's why we need to challenge you." (emphasis added)). By not objecting to this evidence until after the arbitration award was issued, Barysas unquestionably waived his right to object. *See Dealer Comput. Servs., Inc. v. Michael Motor Co.*, 485 F. App'x 724, 727 (5th Cir. 2012) ("A party seeking to vacate an arbitration award based on an arbitrator's evident partiality generally must object during the arbitration proceedings. Its failure to do so results in wavier of its right to object.").

Even if Barysas had not waived his right to object to such evidence, his argument still falls flat. As Uber points out, "[p]rior awards in favor of Uber in misclassification cases involving drivers are indisputably relevant to Uber's position that it properly classified Barysas as an independent contractor." Dkt. 5 at 15. Barysas has no response to that argument. And there is more. After Barysas's counsel encouraged Judge Soussan to review the previous arbitration awards, Judge Soussan went out of her way to say: "I can guarantee all of you that I make up my own mind. I don't rely on other opinions . . . I make up my own mind, and my mind is made up on the law and the facts. That is how I will proceed in this case." Dkt. 1-2 at 1064–65. Suffice it to say that Barysas has failed to come anywhere close to "produc[ing] specific facts from which a reasonable person would have to conclude that the arbitrator was partial to" Uber. *See Householder Grp.*, 354 F. App'x at 852 (quotation omitted).

**C.    REFUSAL TO HEAR EVIDENCE PERTINENT AND MATERIAL TO THE CONTROVERSY**

Barysas also argues that Judge Soussan "made numerous rulings disallowing Barysas to obtain discovery . . . and refusing to hear material and pertinent evidence in the case." Dkt. 1-2 at 12. This argument is premised on § 10(a)(3). That section permits a district court to vacate an arbitration award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence

pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3).

As a legal matter, an arbitrator has "broad discretion to make evidentiary decisions." *Int'l Chem. Workers Union v. Columbian Chems. Co.*, 331 F.3d 491, 497 (5th Cir. 2003). In that vein, the Fifth Circuit has explained:

> An arbitrator is not bound to hear all of the evidence tendered by the parties. He must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments. . . . Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award. A federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings [such that the exclusion of relevant evidence deprives a party of a fair hearing].

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 300 (5th Cir. 2004) (cleaned up).

Barysas has failed to demonstrate that any discovery rulings issued by Judge Soussan prior to the final hearing or any evidentiary rulings she made during the final hearing denied him the right to a fair hearing. Let me explain.

### 1. *Exclusion of Alex Rosenblat's Testimony*

Barysas complains that he was not allowed to take the deposition of Alex Rosenblat ("Rosenblat") during the discovery phase of the arbitration proceeding or call Rosenblat as a witness at the arbitration hearing.

Rosenblat served as Uber's Head of Marketplace Policy, Fairness & Research. In the arbitration proceeding, Barysas filed a motion to compel Rosenblat's deposition, claiming that she is "one of the world's foremost researchers of Uber and its practices pertaining to Uber Drivers." Dkt. 1-2 at 85. Barysas further argued that Rosenblat possessed "specific and unique, relevant knowledge and information pertaining to Uber Drivers like Dainius Barysas." *Id*. Uber strongly objected to Rosenblat's deposition for a variety of reasons. To begin, Uber maintained that Rosenblat was a high-level executive who did not possess unique and specific personal knowledge related to Barysas's claims. In making this

9

argument, Uber noted that Rosenblat did not accept employment at Uber until February 2021—two years after Barysas stopped driving for Uber. Uber also insisted that Rosenblat's deposition should not proceed until Barysas sought information through less burdensome means, such as corporate representative deposition.[1] After reviewing the parties' written submissions and entertaining oral argument, Judge Soussan issued a short, written order refusing to allow Barysas to take Rosenblat's deposition.

It is not my role, as a federal judge, to second-guess each and every discovery ruling an arbitrator makes during an arbitration proceeding. *See ARMA, S.R.O. v. BAE Sys. Overseas, Inc.*, 961 F. Supp. 2d 245, 264 (D.D.C. 2013) ("[D]istrict courts are not empowered to second-guess such decisions—procedural or substantive—even if there is evidence that the arbitrator erred."). "Courts rarely take issue with an arbitrator's discovery-related decisions, so long as excluded evidence was not materially necessary to making a claim." *Hale v. Morgan Stanley*, 571 F. Supp. 3d 872, 884 (S.D. Ohio 2021). By considering and deciding the parties' discovery-related motions, I find Judge Soussan exercised her "full authority to determine whether or not certain evidence would prove relevant to [her] determination." *ARMA*, 961 F. Supp. 2d at 264.

Although Judge Soussan refused to permit Barysas to proceed with Rosenblat's deposition, Barysas still sought to obtain Rosenblat's testimony at the final hearing. A few weeks before the final hearing commenced, Barysas asked Judge Soussan to allow him to call Rosenblat as a fact witness. Uber opposed this request. In a detailed written decision, Judge Soussan explained why she would not allow Barysas to call Rosenblat to testify live at the final hearing:

> After review of the submissions the Arbitrator finds that any testimony by Ms. Rosenblat would be based on a time period in which Claimant was not associated with Uber. Furthermore Ms. Rosenblat does not have personal knowledge of the facts relevant to this particular arbitration. Her information was gathered from sources

---

[1] Uber notes that, for whatever reason, Barysas never did take the deposition of an Uber corporate representative.

> other than from Claimant; therefore, her testimony would likely be rank hearsay. Any information she could give regarding Uber during Claimant's association with Uber and after can be deduced from the witnesses who will testify. Claimant stopped using the Uber App in August 2019. Ms. Rosenblat was hired by Uber in January 2021. Ms. Rosenblat has no firsthand knowledge of relevant information.

Dkt. 1-2 at 1054.

Judge Soussan's refusal to allow Rosenblat's testimony at the final arbitration hearing does not justify vacating the arbitration award. For vacatur to be appropriate, Judge Soussan's evidentiary decision must have "so affect[ed] Barysas's rights] that it may be said that he was deprived of a fair hearing." *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1023 (5th Cir. 1990); *see also Symank Bus. Sys. v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-0936-B, 2022 WL 270868, at *9 (N.D. Tex. Jan. 28, 2022) ("When reviewing an arbitration proceeding, generally, alleged errors made in admitting or excluding evidence will not justify vacatur unless the evidentiary consideration was fundamentally unfair."). In this case, Barysas is unable to demonstrate that he was deprived of a fair hearing. Judge Soussan heard from several witnesses in a multi-day hearing, admitted numerous exhibits, and allowed Barysas's counsel the opportunity to argue his case—both orally and in writing. Those are the hallmark characteristics of a fair hearing. Under the FAA's extremely limited standard of review for vacatur requests, I am not empowered to question an evidentiary ruling, even if I believe the arbitrator committed a serious error. *See Stolt-Nielsen*, 559 U.S. at 671. Judge Soussan acted within her authority to issue the rulings she entered.

### 2.   *Exclusion of the Two Videos and Related Discovery*

Barysas next seeks to vacate the arbitration award based on (i) Judge Soussan's decision to exclude two videos; and (ii) Judge Soussan's refusal to permit certain discovery requests aimed at uncovering information about those videos. Let me provide the necessary background to this dispute.

The first witness to testify at the arbitration hearing was Uber's corporate representative, Brad Rosenthal ("Rosenthal"). Barysas called Rosenthal as an

adverse witness. When Barysas's counsel asked Rosenthal if there were documents that would show whether Barysas engaged in geo-spoofing,[2] Rosenthal replied that he had reviewed two such videos with Uber's counsel. Barysas's counsel immediately interrupted the proceedings, demanding that either the videos be produced or Uber "not be able to mention geo-spoofing at all or complain of [Barysas] committing fraud." Dkt. 1-2 at 1183. On the spot, Judge Soussan ordered Uber to produce the two videos and suspended the hearing to allow Barysas to serve discovery regarding the videos. Within a few days, Uber responded to 12 additional discovery requests, fully answering some requests and objecting to other requests. Barysas then filed a motion to compel those requests to which Uber objected. Judge Soussan denied Barysas's motion to compel, holding that "Uber has responded to the new discovery requests appropriately. . . . The requests have either been answered, seek trade secrets, confidential and proprietary information or seek irrelevant information to the issues before this Arbitrator." *Id.* at 1931. Judge Soussan also held that the two videos would not be admitted into evidence. In reaching this decision, Judge Soussan found that "Uber did not identify the videos at issue on its exhibit list, does not intend to rely on them to prove anything, and does not even intend to try to prove that Claimant engaged in fraudulent behavior." *Id.* at 1930.

At no time during the entire arbitration proceeding did Barysas ever object to Judge Soussan's decision to exclude the two videos. If anything, Barysas actually appeared to agree with Judge Soussan's ruling. After Judge Soussan ordered the videos to be produced, Barysas's counsel challenged the foundation and authenticity of the videos. It is well-established that a party "cannot stand by during arbitration, withholding certain arguments, then, upon losing the arbitration, raise such arguments in federal court" in seeking vacatur of the arbitration award. *Gateway Techs, Inc. v. MCI Telecomms. Corp.*, 64 F.3d 993,

---

[2] Geo-spoofing is the process of misrepresenting a device's location such that the device appears to be in a different location than it really is.

998 (5th Cir. 1995) (quotation omitted), *overruled on other grounds by Hall St. Assocs.*, 552 U.S. at 584–86. "If a party were allowed to withhold objections until its appearance in federal court, this would extinguish any benefit of an arbitration contract as arbitrators would rarely, if ever, be fully apprised of the issues before them." *Id.* Barysas has thus waived any argument that the videos or any related information should not have been excluded.

Even if I dismiss the waiver argument, Judge Soussan unquestionably acted within her authority to resolve evidentiary disputes and discovery squabbles between the parties. As discussed, "[a]rbitrators enjoy wide latitude in conducting an arbitration hearing, and they are not constrained by formal rules of procedure or evidence." *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328, 1333 (11th Cir. 2007) (quotations omitted). Section 10(a)(3) simply does not warrant vacatur where an arbitrator merely made an erroneous discovery or evidentiary ruling. Rather, Barysas must meet the high burden of demonstrating that Judge Soussan's rulings amounted to misconduct that deprived him of a right to a fair proceeding. Barysas cannot cite a single case where a court vacated an arbitration award in similar circumstances. Based on the record before me, there is no basis whatsoever to conclude that Judge Soussan's actions—which appear to be reasoned, measured, and thoughtful—rose to a level of misconduct that deprived Barysas of a right to a fair hearing.[3]

\*\*\*

Finding no basis to vacate the Final Award, I "must" confirm it. 9 U.S.C. § 9. "There is nothing malleable about 'must grant,' which unequivocally tells courts to

---

[3] Barysas also complains about various other discovery and evidentiary rulings made by Judge Soussan in which she purportedly prohibited him from discovering—or entering into evidence—certain proprietary or confidential information. These complaints fail for the same reason already discussed: Barysas was not deprived of a fundamentally fair hearing. We do not allow Monday morning quarterbacking to evaluate the correctness of rulings made by an arbitrator in overseeing discovery and managing the presentation of evidence. Basic notions of fairness and due process have been meted out to the parties. That is all that is required.

13

grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs.*, 552 U.S. at 587.

## CONCLUSION

For the reasons outlined above, I recommend that Barysas's Motion to Vacate Arbitration Award (Dkt. 1-2) be **DENIED**, and Uber's Motion to Confirm Arbitration Award and for Final Judgment (Dkt. 8) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 14th day of July 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE